UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN McDERMOTT,<br><br>         Plaintiff,<br><br>    vs.<br><br>ISMELDA BORJA, et al.,<br><br>         Defendants. | 1:16-cv-01001-AWI-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

**I.   BACKGROUND**

Sean McDermott ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On July 13, 2016, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  SUMMARY OF COMPLAINT

Plaintiff is presently out of custody. The events at issue in the Complaint allegedly occurred at the California City Correctional Facility (CCCF) in California City, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Imelda Borja (Physician's Assistant), Dr. Chen Ho, and Marvin Ross (Chief Medical Officer) (collectively, "Defendants"), who were employed at CCCF during the relevant time period.

Plaintiff's allegations follow. On July 5, 2001, Plaintiff had surgery for a prosthetic hip replacement. Plaintiff was advised by Dr. Reinhold [not a defendant], orthopedic surgeon at

///

the Riverside County Regional Medical Center, that the hip implant would need to be replaced after ten years.

In 2012, Plaintiff's hip became so painful that sometimes he was unable to walk. Plaintiff began requests for medical care. On May 16, 2013, Plaintiff filed a medical grievance complaining about inadequate medical care and requesting to be seen by a qualified doctor for testing and evaluation at a county hospital. On February 5, 2014, Plaintiff was transferred from Avenal State Prison to CCCF.

Upon arriving at CCCF, Plaintiff's pain was so excruciating that at times he could not function with daily activities. On February 13, 2014, Plaintiff began submitting medical requests to be seen about his hip replacement and pain. On February 13, 2014, Plaintiff was seen by defendant Chief Medical Officer (CMO) Marvin Ross. Plaintiff was given an x-ray, after which defendant Ross stated that everything was fine. Plaintiff's medical grievance was denied on March 3, 2014.

On June 13, 2014, Plaintiff was seen by orthopedic physician Dr. Aleda [not a defendant]. Dr. Aleda said the hip replacement was worn and recommended that Plaintiff return to see him in a year.

On April 7, 2015, Plaintiff was seen by defendant Physician's Assistant Imelda Borja. Plaintiff told her that he had not had a follow-up with the orthopedic physician and he was in terrible pain and sometimes unable to walk. Defendant Borja stated that she had consulted with defendant CMO Ross, that Plaintiff did not need a follow-up with Dr. Aleda, and that Plaintiff was just fine. The same day, Plaintiff filed a medical grievance against defendants Borja and Ross, and the grievance was given to defendant Dr. Chen Ho for resolution.

On August 24, 2015, Plaintiff explained to Dr. Ho that he was in excruciating pain and sometimes unable to walk. Dr. Chen Ho denied Plaintiff's medical grievance and referred Plaintiff to physical therapy.

On November 17, 2015, February 11, 2016, and February 16, 2016, Plaintiff had physical therapy. The physical therapist referred Plaintiff back to the orthopedic physician for consultation.

On or about December 30, 2015, Plaintiff was seen again by defendant Borja. Plaintiff told her that he felt his hip replacement was giving out and made sounds when he walked. Plaintiff also told her about the physical therapist's recommendation. Plaintiff's medical grievance was denied on February 3, 2016.

Plaintiff continues to be in excruciating pain, sometimes unable to walk, and that he had not seen the orthopedic physician. Defendants failed to follow the professional standards for treatment of a hip replacement which has a limited life expectancy and results in excruciating pain.

On April 19, 2016, May 3, 2016, and May 31, 2016, Plaintiff was seen by orthopedic physician LaMerr [not a defendant], who stated that Plaintiff requires surgery to implant a new hip replacement to comply with professional standards of treatment.

Plaintiff requests monetary damages.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

///

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Inmate Appeals Process -- Defendant Dr. Chen Ho

Plaintiff alleges that he filed a medical grievance against defendants Borja and Ross, which was given to Dr. Chen Ho for resolution, and the grievance was denied.

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996); Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley, 997 F.2d at 495; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Thus, Plaintiff fails to state a claim against defendant Ho.

### B. Eighth Amendment Medical Claim – Defendants Borja and Ross

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate

///

indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff has shown that he had a serious medical need, because he was in excruciating pain and failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain.

However, Plaintiff has not alleged facts showing any of the Defendants were aware of a substantial risk of serious harm to Plaintiff's health and deliberately and consciously disregarded the risk. As to defendant Borja, a Physician's Assistant, Plaintiff has only shown that he met with her, and she consulted with the doctor about Plaintiff's condition and passed the doctor's advice along to Plaintiff. This is not enough to show that Borja acted with

///

deliberate indifference.  Therefore, Plaintiff fails to state an Eighth Amendment medical claim against defendant Borja.

Plaintiff also fails to state a medical claim against defendant CMO Marvin Ross. Plaintiff alleges that on February 13, 2014, he was seen by defendant Ross and given an x-ray, after which defendant Ross stated that everything was fine.  Plaintiff also alleges that on August 7, 2015, defendant Borja told Plaintiff that after a consultation about Plaintiff's condition, defendant Ross had determined that Plaintiff did not need a follow-up with the orthopedic surgeon and was just fine.  These allegations are not sufficient to state a claim against defendant Ross.  Plaintiff has not demonstrated that defendant Ross acted with deliberate indifference.  As discussed above, deliberate difference is a high legal standard.  At most, Plaintiff has shown that he wanted to meet with the orthopedic surgeon, but defendant Ross had a different opinion.  Plaintiff's statements that defendant Ross failed to comply with professional standards of treatment in 2012 and 2014 are conclusory and insufficient for the court to infer that defendant Ross acted improperly.  Courts are not required to indulge unwarranted inferences, Wal-Mart Stores, Inc., 572 F.3d at 681, and the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678-79. Therefore, Plaintiff fails to state a cognizable claim against defendant Ross, and defendant Ross should be dismissed from this action.

### C.   Negligence

Plaintiff also brings a claim for negligence, which is a state tort.  Violation of state tort law is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  In this instance, the court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's negligence claim fails.

///

///

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The court will dismiss the Complaint and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01001-AWI-GSA-PC; and

5. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 28, 2017**                    **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE